IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAYLEN DALAINO BELL,

          Plaintiff,

v.                                                        CIVIL ACTION NO. 2:25-cv-00155

JACKSON COUNTY CIRCUIT COURT, et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Jaylen Delaino Bell's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant 28 U.S.C. § 2241. (ECF No. 2). By Standing Order entered September 1, 2024, and filed in this case on March 12, 2025, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R, (ECF No. 7), on January 13, 2026, recommending that this Court **FIND** that, prior to filing the instant petition documents, Petitioner did not exhaust all available state court remedies through which he could present his federal claims for habeas corpus relief and, further, has now discharged his sentence and been released from custody; and **DENY AS MOOT** Petitioner's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and his Emergency Motion for Immediate Release and Review of Detention, (ECF No. 6), and **DISMISS** Petitioner's habeas corpus petition and supplement, (ECF Nos. 2 and 6), without prejudice. (ECF No. 7 at 11.)

The Magistrate Judge further recommended that this Court **FIND** that the petition/complaint document fails to state a plausible claim for relief against any of the defendants

under 42 U.S.C. § 1983 or otherwise under 28 U.S.C. § 1331; and, to the extent that Petitioner's filings can be alternatively construed as a civil rights complaint, it is recommended that this Court **DISMISS** the same under 28 U.S.C. § 1915A.  (*Id.* at 10 –11.)

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Objections to the PF&R in this case were due on January 30, 2026.  (ECF No. 7.)  To date, no objections have been filed.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 7), **DENIES AS MOOT** Petitioner's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and his Emergency Motion for Immediate  Release and Review of Detention, (ECF No. 6), and **DISMISSES** Petitioner's habeas corpus petition and supplement, (ECF Nos. 2 and 6), without prejudice.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:      March 5, 2026

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE